## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT DEAN SHOEMAKER,

     Plaintiff,

     v.                                              No. CIV 15-0143 MV/GBW

TINA GARCIA GALLEGOS,
JOSHUA JIMENEZ D.A.,
LAUREL CARRIER FIELMIER P.D.,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a New Mexico magistrate judge, a district attorney, and a public defender as Defendants.   Plaintiff alleges that Defendants failed to bind over Plaintiff's case for trial within the time limits stated by law.   Plaintiff claims that Defendants' actions violated a number of his federal and state constitutional protections.   The complaint seeks damages.

Defendants Gallegos and Jimenez are immune to Plaintiff's § 1983 claims against them. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)).   Plaintiff alleges acts by Defendant Gallegos taken exclusively in her judicial role, and this claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).   As to District Attorney Jimenez, the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."   *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012).   Because Defendant District Attorney Jimenez took the alleged actions as part of the state's prosecution of a criminal proceeding, the Court will dismiss Plaintiff's claims against him.

No relief is available in this § 1983 action on Plaintiff's claims against Defendant Fielmier. The complaint fails to allege one of the two statutory elements of a claim under § 1983.   A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law."   *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Here, case law clearly holds that a public defender undertaking a defense does not act under color of state law for purposes of § 1983.   *See Polk County v. Dodson*, 454 U.S. 312, 316 (1981); *Harris*

2

*v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  Because Defendant Fielmier did not act under color of state law while representing Plaintiff in the state criminal proceeding, the Court will dismiss Plaintiff's § 1983 claims against her.

Dismissal of Plaintiff's claims against Defendant Fielmier for failure to allege that Defendant acted under color of state law presents the Court with certain inconsistencies in applicable Supreme Court and Tenth Circuit case law.  The issue is whether to dismiss these § 1983 claims without prejudice for lack of subject matter jurisdiction or, alternatively, with prejudice for failure to state a claim for relief.  *Compare Lay v. Otto*, 530 F. App'x 800, 802-03 (10th Cir. 2013) ("[Plaintiff] has not alleged facts showing that Defendants acted under color of state law.  This element is 'a jurisdictional requisite for a § 1983 action.' . . .  Accordingly, we must remand the case with directions to the district court to dismiss [plaintiff]'s lawsuit 'without prejudice' for lack of subject-matter jurisdiction.") (quoting *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)), *with Mehdipour v. Matthews*, 386 F. App'x 775, 777 n. 3 (10th Cir. 2010) ("If, however, jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a 'state action' warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1).") (citing, *inter alia*, *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.")).

Under these two discrepant rules, the Court will dismiss Plaintiff's claims without prejudice under rule 12(b)(1) for lack of subject matter jurisdiction.  *See Lay v. Otto*, 530 F. App'x at 803; *see also 1mage Software, Inc. v. Reynolds and Reynolds*, 459 F.3d at 1048 ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists.' "). Alternatively, because the complaint clearly asserts jurisdiction under 28 U.S.C. § 1331, *see*

*Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) ("The district court had jurisdiction under 28 U.S.C. § 1331 [of prisoner's § 1983 complaint]."), the Court would likely, if it had jurisdiction, dismiss Plaintiff's claims with prejudice under rule 12(b)(6) for failure to state a claim for relief against Defendant, *see Mehdipour v. Matthews*, 386 F. App'x at 777 n. 3; *see also Curley v. Perry*, 246 F.3d at 1281, 1284-85 (affirming *sua sponte* dismissal with prejudice under rule 12(b)(6) "of a meritless complaint that cannot be salvaged by amendment").

Plaintiff also asserts his claims under certain New Mexico constitutional provisions.   In view of the dismissal of Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of his state law claims.   The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."   § 1367(c), (c)(3).   Under § 1367(c), the Court declines to exercise jurisdiction of Plaintiff's state law claims, and the these claims will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's federal claims against Defendants Gallegos and Jimenez are DISMISSED with prejudice, his federal claims against Defendant Fielmier are DISMISSED without prejudice for lack of jurisdiction, his state law claims are DISMISSED without prejudice, the complaint is DISMISSED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE